THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY *vs.*
HARTFORD ACCIDENT AND INDEMNITY COMPANY.

Suffolk.   November 10, 1939. — January 31, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Bond*, Indemnity.

A deposit, by a general agent of an insurance company in his personal
account, to the knowledge and with the acquiescence of the company,
of the company's check for a sum to be used as a "contingent fund"
from which to draw payments for subagents and other expenses, did
not constitute a wrong against the company within the condition of a
bond to indemnify it against loss resulting from "any dishonest, fraudu-
lent or criminal act on the part of" the agent.

CONTRACT.   Writ in the Superior Court dated June 21,
1932.

The action was heard by *Greenhalge*, J., who found for
the defendant.   The plaintiff alleged exceptions.

*A. J. Zimmerman*, (*S. Zimmerman* with him,) for the
plaintiff.

*A. E. Whittemore*, (*E. C. Mower, Jr.*, with him,) for the
defendant.

LUMMUS, J.   This action is brought by the employer of
one Bruenn against the surety on a bond dated November 16,
1927.   The surety agreed to pay "the amount of any loss,
in respect of any moneys, funds, securities or other personal
property of the Employer" which the employee (Bruenn)
"may, while in the continuous employ of the Employer . . .
cause to the Employer . . . through any dishonest, fraudu-
lent or criminal act on the part of such employee."   The
bond provided: "Seventh: that the Surety shall not be
liable hereunder for any loans or advances made by the
Employer to the Employee, nor for premiums not actually
collected by the Employee, and any commissions earned on
premiums collected shall be first credited upon any claim
against the Surety under this bond."   The plaintiff now

concedes that its case must rest wholly upon this bond, which was superseded by a later bond on January 10, 1930. To recover, the plaintiff must show a loss of the kind required by the bond, occurring before January 10, 1930.

About July 1, 1927, Bruenn became general agent for the plaintiff in the city of New York. His compensation was to consist of commissions upon premiums collected on policies obtained by him or his subagents and remitted by him. The subagents were paid their commissions out of his. Even though he should cease to work for the plaintiff, he was to share in the commissions on the annual premiums for as many as fourteen years. Money received for the plaintiff was to be deposited to its credit. It was provided that "fraud, malfeasance, misappropriation or withholding of funds by the General Agent . . . shall forthwith terminate this contract, and all commissions accrued or to accrue hereunder shall immediately cease and determine and become forfeited to the" plaintiff. On January 2, 1930, Bruenn was given a new contract to much the same effect.

When Bruenn ceased to be in the employ of the plaintiff on September 15, 1930, he owed the plaintiff $4,600 for loans and advances expressly excluded from the operation of the bond. The plaintiff's claim is for the loss of a separate "contingent fund" of $3,000, furnished to Bruenn by the plaintiff. When premiums were paid to Bruenn by checks which had to be deposited to the credit of the plaintiff, the contingent fund afforded a means of paying the subagents their commissions without waiting for them to be forwarded from the home office at Boston. It afforded a means of meeting other expenses as well. Bruenn repaid the $3,000 on December 31, 1929, but the same amount was sent him on January 2, 1930, under the same designation "Contingent Fund to be accounted for," and it was deposited in his personal bank account, as it had been from the beginning to the knowledge of the plaintiff and with its acquiescence. Without considering the other defences that have been argued, it is sufficient to support the general finding for the defendant that no wrong was done to the plaintiff by that deposit, and no wrong of the kind required

by the bond was done to the plaintiff before January 10, 1930, or at any other time, so far as appears. The requests for rulings require no particular discussion.

*Exceptions overruled.*